## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **Civil Action No. 09-804-JJF** |
| | ) ) **JURY TRIAL DEMANDED** |
| APPLE INC., | ) ) |
| Defendant. | ) |

### APPLE INC.'S ANSWER AND COUNTERCLAIMS TO
### ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC.'S
### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Apple Inc. ("Apple"), by and through its undersigned counsel,

responds to the First Amended Complaint for Patent Infringement and Demand for Jury Trial

("Complaint") of Plaintiff St. Clair Intellectual Property Consultants, Inc. ("Plaintiff" or "St.

Clair") and further counterclaims as follows:

1.      Apple lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph 1 of the Complaint and, on that basis, denies them.

2.      Admitted.

3.      Apple admits that Plaintiff purports to bring this action under 35 U.S.C. § 271 and

§§ 281-285; that Plaintiff purports to assert subject matter jurisdiction under 28 U.S.C. §

1338(a); and that Plaintiff purports to assert personal jurisdiction over Apple under the United

States Constitution and 10 Del. C. § 3104 of the Delaware Code.  Apple admits that Plaintiff

purports to base venue in this District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

However, Apple asserts that the proper forum to resolve this action is the United States District

Court for the Northern District of California pursuant to 28 U.S.C. § 1404.  The remaining

allegations set forth in Paragraph 3 of the Complaint state a legal conclusion to which no

response is required; if such a response is required, Apple denies them.

4.      Apple admits that Exhibit "A" of the Complaint purports to be a copy of United States Patent No. 5,138,459 (the "'459 Patent"), and Apple refers Plaintiff to that document for its full and complete contents.  Apple denies all characterizations inconsistent therewith.  Apple denies that the '459 Patent was duly or legally issued or that it is valid.  Apple denies the remaining allegations of Paragraph 4 of the Complaint.

5.      Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, on that basis, denies them.

6.      Apple admits that Exhibit "B" of the Complaint purports to be a copy of United States Patent No. 6,094,219 (the "'219 Patent"), and Apple refers Plaintiff to that document for its full and complete contents.  Apple denies all characterizations inconsistent therewith.  Apple denies that the '219 Patent was duly or legally issued or that it is valid.  Apple denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Apple admits that Exhibit "C" of the Complaint purports to be a copy of United States Patent No. 6,233,010 (the "'010 Patent"), and Apple refers Plaintiff to that document for its full and complete contents.  Apple denies all characterizations inconsistent therewith.  Apple denies that the '010 Patent was duly or legally issued or that it is valid.  Apple denies the remaining allegations of Paragraph 7 of the Complaint.

8.      Apple admits that exhibit "D" of the Complaint purports to be a copy of United States Patent No. 6,323,899 (the "'899 Patent"), and Apple refers Plaintiff to that document for its full and complete contents.  Apple denies all characterizations inconsistent therewith.  Apple denies that the '899 Patent was duly or legally issued or that it is valid.  Apple denies the remaining allegations of Paragraph 8 of the Complaint.

9.      The allegations in this paragraph do not require a response.  To the extent a response is required, Apple admits that Plaintiff purports to collectively refer to the '459, '219, '010, and '899 Patents as the "patents-in-suit."

10.     Apple lacks knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in Paragraph 10 of the Complaint and, on that basis, denies them.

11.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, on that basis, denies them.

12.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, on that basis, denies them.

13.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, on that basis, denies them.

14.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, on that basis, denies them.

15.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, on that basis, denies them.

16.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, on that basis, denies them.

17.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, on that basis, denies them.

18.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, on that basis, denies them.

19.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, on that basis, denies them.

20.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and, on that basis, denies them.

21.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and, on that basis, denies them.

22.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, on that basis, denies them.

23.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and, on that basis, denies them.

24.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and, on that basis, denies them.

25.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and, on that basis, denies them.

26.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and, on that basis, denies them.

27.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and, on that basis, denies them.

28.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and, on that basis, denies them.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     The allegations in this paragraph do not require a response.  To the extent a response is required, Apple admits that Plaintiff demands a jury trial on all triable issues in this action pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

34.     Apple denies that Plaintiff is entitled to the relief requested in paragraphs (a) – (g).

35.     To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Apple denies them.

## DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, Apple, for its defenses, pleads:

## FIRST DEFENSE

## (FAILURE TO STATE A CLAIM)

36.     The Complaint fails to state a claim for which relief can be granted against Apple.

## SECOND DEFENSE

## (NON-INFRINGEMENT OF PATENTS-IN-SUIT)

37.     Apple does not and has not infringed, willfully or otherwise, induced another to infringe, or contributed to another's infringement of any valid claim of the patents-in-suit.

## THIRD DEFENSE

## (INVALIDITY OF PATENTS-IN-SUIT)

38.     The patents-in-suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## FOURTH DEFENSE

## (PROSECUTION HISTORY ESTOPPEL)

39.     Plaintiff is estopped from asserting any interpretation of the claims of the patents-in-suit that would cover any of Apple's products and/or services and Plaintiff's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution and/or reexaminations of the patents-in-suit and/or any related patents or patent applications.

## FIFTH DEFENSE

## (LIMITATIONS ON DAMAGES AND COSTS)

40.     Plaintiff failed to provide adequate notice to Apple of alleged infringement and thus, is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint.  Plaintiff is precluded from recovering damages from Apple for any alleged infringement committed more than six years prior to the filing of the complaint under 25 U.S.C § 286.

## SIXTH DEFENSE

## (PLAINTIFF CANNOT PROVE EXCEPTIONAL CASE)

41.     Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against Apple pursuant to 35 U.S.C. § 285.

## SEVENTH DEFENSE

## (EQUITABLE DEFENSES)

42.     Plaintiff is barred, in whole or in part, under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands.  Plaintiff is also barred by issue preclusion from re-asserting or altering its positions on factual and legal issues that were previously adjudicated.

## EIGHTH DEFENSE

## (ADEQUATE REMEDY AT LAW)

43.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

## NINTH DEFENSE

## (WAIVER)

44.     Plaintiff is barred from asserting the patents-in-suit and/or from collecting damages thereunder, pursuant to the doctrine of waiver.

## TENTH DEFENSE

## (GOVERNMENT SALES)

45.     To the extent that certain products accused of infringing the patents-in-suit are used by and/or manufactured for the United States Government, Plaintiff's claims against Apple with respect to such products are barred, in whole or in part, under 28 U.S.C. § 1498.

## ELEVENTH DEFENSE

## (DEDICATION TO THE PUBLIC)

46.     Plaintiff's claims are barred, in whole or in part, because embodiments not literally claimed in the patents-in-suit were dedicated to the public.

## TWELFTH DEFENSE

## (LICENSE, EXHAUSTION AND IMPLIED LICENSE)

47.     Plaintiff is, in whole or in part, barred from asserting the patents-in-suit, from collecting any damages thereunder, and/or from obtaining any other form of relief because of license, exhaustion, and/or implied license.

## THIRTEENTH DEFENSE

## (OWNERSHIP)

48.     On information and belief, Plaintiff does not have the right and/or standing to pursue one or more of the remedies Plaintiff seeks against Apple in this action.

## ADDITIONAL DEFENSES RESERVED

## (RESERVATION OF ADDITIONAL DEFENSES)

49.     Apple reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future.

## COUNTERCLAIMS

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, Apple, by and through its undersigned counsel, and by way of Counterclaims against Plaintiff, alleges:

## NATURE OF THE ACTION

1.      This is an action by defendant and counter-claimant Apple pursuant to Rule 13 of the Federal Rules of Civil Procedure for declarations of non-infringement and invalidity of the patents-in-suit.

## PARTIES

2.      Apple is a California corporation having its principal place of business at One Infinite Loop, Cupertino, California 95014.

3.      Upon information and belief, Plaintiff is a Michigan corporation having its principal place of business at 16845 Kercheval Avenue, Suite Number Two, Grosse Pointe, Michigan 48230-1551.

## JURISDICTION AND VENUE

4.      These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, et seq., and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

5.      Apple asserts that the proper forum to resolve this action is the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404.

6.      Plaintiff has sued Apple for patent infringement of U.S. Pat. Nos. 5,138,459, 6,094,219, 6,233,010 and 6,323,899 (collectively, the "patents-in-suit").  Apple denies infringement and denies that the patents are valid.  There is therefore a substantial, actual, and continuing controversy between Plaintiff and Apple as to the validity and infringement of the patents-in-suit.

7.      Plaintiff has consented to personal jurisdiction by commencing its action for patent infringement in this judicial jurisdiction, as set forth in Plaintiff's Complaint.

## FIRST COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PATENTS-IN-SUIT)

8.      Apple repeats and realleges each allegation set forth in Paragraphs 1 through 7 of these counterclaims as though fully set forth herein.

9.      Apple does not and has not infringed, willfully or otherwise, induced another to infringe, or contributed to another's infringement of any valid claim of the patents-in-suit.

10.     A judicial declaration that Apple does not and has not infringed the patents-in-suit is necessary and appropriate at this time so that Apple can ascertain its rights and duties with respect to the products and/or services that Plaintiff accuses of infringing the patents-in-suit.

## SECOND COUNTERCLAIM

## (DECLARATORY JUDGMENT OF INVALIDITY OF PATENTS-IN-SUIT)

11.     Apple repeats and realleges each allegation set forth in Paragraphs 1 through 10 of these counterclaims as though fully set forth herein.

12.     The patents-in-suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

13.     A judicial declaration that the patents-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Apple can ascertain its rights and duties with respect to the products and/or services Plaintiff accuses of infringing the patents-in-suit.

## RESERVATION OF ADDITIONAL COUNTERCLAIMS

14.     As discovery in this case has not yet commenced, and as Apple continues to investigate the allegations set forth in the Complaint, Apple specifically gives notice that it intends to assert additional counterclaims as may become available by law, statute, or upon discovery in this case.  As such, Apple hereby reserves the right to amend its Answer and to assert such additional counterclaims as allowed by the Federal Rules of Civil Procedure and the

Local Rules of the United States District Court for the District of Delaware.

## **PRAYER FOR RELIEF**

WHEREFORE, Apple respectfully requests judgment granting the following relief:

      A.      That Plaintiff take nothing by its Complaint;

      B.      That the Court dismiss each and every claim related to Apple in Plaintiff's Complaint with prejudice;

      C.      That the Court declare that Apple has not infringed, willfully or otherwise, any claim of the patents-in-suit;

      D.      That the Court declare each claim of the patents-in-suit to be invalid under 35 U.S.C. § 1 *et seq.*;

      E.      That the Court enter a permanent injunction restraining Plaintiff and its officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for infringement of the patents-in-suit on the basis of the making, using, selling, offering for sale, or importing of any Apple product or service;

      F.      That the Court award Apple attorneys' fees and costs against the Plaintiff pursuant to 35 U.S.C. § 285; and

      G.      That the Court award Apple any other relief the Court may deem just, equitable, and proper.

## **DEMAND FOR JURY TRIAL**

      In accordance with Fed. R. Civ. P. 38(b) and Local Rule 38.1, Apple demands a trial by jury on all issues so triable.

{00390861;v1}

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

*Of Counsel:*

Henry B. Gutman
Victor Cole
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
hgutman@stblaw.com
vcole@stblaw.com

Jeffrey E. Ostrow
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
(650) 251-5000
jostrow@stblaw.com

Dated March 19, 2010

John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Caroline Hong (I.D. #5189)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
chong@ashby-geddes.com

*Attorneys for Defendant Apple Inc.*