# SEITZ, VAN OGTROP & GREEN, P.A.
ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. McGONIGLE
KEVIN A. GUERKE
JARED T. GREEN

(302) 888-0600
FAX: (302) 888-0606

April 30, 2010

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street, Lockbox 27
Wilmington, DE 19801

Re: *St. Clair v. Apple, Inc.* (C.A. No. 09-804-JJF)

Dear Judge Farnan:

Since the entry of the Scheduling Order on March 2, 2010, the parties have conferred to reach an agreement on a proposed protective order.[1] There is only one remaining issue regarding access to Clair's licensing materials by Apple's in-house counsel. The parties submit this joint letter to the Court in order to present that issue for the Court's review.

The language at issue is found in Paragraph 6(e) of Apple's proposed protective order, and states:

> (e) Licenses. Two in-house counsel not involved in competitive decision-making shall also be permitted access to all licenses to the patents-in-suit, including all underlying settlement agreements, the amounts collected, expected or scheduled to be collected under each such license and/or agreement, and the royalty rates applicable to each such license and/or agreement (collectively, the "Patents-in-Suit Licensing Material"). To the extent that the Patents-in-Suit Licensing Material may include confidential information of a third party and/or is subject to a protective order or a confidentiality provision, the producing party shall (a) produce such Patents-in-Suit Licensing Material subject to

---

[1] On April 16, 2010, the parties stipulated to additional time for the application for a protective order so as to continue to meet and confer to resolve their differences without the aid of the Court.

{00402834;v1}80553430.1

applicable confidentiality provisions; (b) indicate in writing the designation and manner in which such Patents-in-Suit Licensing Material should be treated under this Protective Order; or (c) promptly seek permission to produce such Patents-in-Suit Licensing Material, if required by its terms.

### St. Clair's Position

St. Clair has nineteen license and/or settlement agreements with the following companies: Sony Corp., Nikon Corp., Minolta Co., Ltd., Olympus Optical Co., Ltd., Seiko Epson Corp., Casio Computer Co., Ltd., Kyocera Corp., Pentax Corp., Samsung Techwin Co., Ltd., Canon Inc., Eastman Kodak Company, Motorola, Inc., LG Electronics, Inc., Samsung Electronics Co., Ltd., Sanyo Electronics Co., BenQ Corp., Concord Camera Co., General Imaging Co., and Pantech Co., Ltd. Each of these agreements contain confidentiality provisions. St. Clair is willing and able to agree to producing these agreements on an "outside counsel only" basis to Apple. Apple has taken the position that in-house counsel should also have access to St. Clair's licenses with third parties. St. Clair wants to avoid any controversy regarding the production of these materials in discovery.

Given the nature of these agreements, St. Clair does not stipulate to Apple's proposal for employee access and attaches as exhibit 1 to this letter a version of the protective order that does not include the disputed paragraph 6(e). Attached as exhibit 2 of this letter is a version of the protective order that includes the disputed paragraph.

St. Clair acknowledges and appreciates that this Court in a related action entered a protective order with language similar to Apple's proposal and that licensing and/or settlement agreements have been produced in those related cases; however, Apple was not a party to that protective order. Should the Court enter Apple's proposed order, St. Clair will comply with that Order.

### Apple's Position

The contested language proposed by Apple is identical to the comparable provision in the protective order entered by Judge Stark in the Related Actions.[2] Because St. Clair previously argued and lost its challenge to an identical provision in the Related Actions, it is now collaterally estopped from re-litigating the exact same issue here. Importantly, the disputed language is taken verbatim from Paragraph 5 of the Protective Order in the Related Actions (D.I. 15 in C.A. No. 04-1436), which was entered by Judge Stark on February 10, 2009. There, as here, St. Clair objected to the language. On January 27, 2009, Judge Stark held a hearing

---

[2] St. Clair v. Samsung Electronics Co., et al. (C.A. No. 04-1436-JJF-LPS)
St. Clair v. Siemens AG, et al. (C.A. No. 06-403-JJF-LPS)
St. Clair v. LG Electronics, Inc., et al. (C.A. No. 06-404-JJF-LPS)
St. Clair v. Research In Motion Ltd., et al. (C.A. No. 08-371-JJF-LPS)
St. Clair v. Fujifilm Holdings Corp., et al. (C.A. No. 08-373-JJF-LPS)

regarding the disputed language and rejected St. Clair's proposed provision in favor of the same provision proposed here by Apple (*see* transcript of January 27, 2009 dispute teleconference). During the parties' meet and confer in this case, St. Clair was unable to point to any new development in caselaw or otherwise that would allow it to re-litigate the argument it lost in the Related Actions. Rather, St. Clair is relying on some nebulous obligations to some third-parties that allegedly require it to disregard the Court's order in the Related Actions and object yet again to the language of Paragraph 6(e). The Court should disregard St. Clair's attempt to get a second bite at the apple and enter a protective order that includes the provision proposed by Apple.[3]

For the Court's convenience, the parties have attached St. Clair's proposed order which excludes paragraph 6(e) as exhibit 1 to this letter. The parties have also attached Apple's proposed protective order which includes paragraph 6(e) as exhibit 2.

Respectfully submitted,

Jared T. Green
(Bar No. 5179)

---

[3] Substantively, Apple's position is articulated in the letter Defendants submitted to Judge Stark on January 26, 2009 (DI 212 in C.A. No. 04-1436), in connection with the hearing held in the Related Actions.

{00402834;v1}80553430.1