## SEITZ, VAN OGTROP & GREEN PA
### ATTORNEYS AND COUNSELORS AT LAW

222 DELAWARE AVENUE, SUITE 1500
POST OFFICE BOX 68
WILMINGTON, DELAWARE 19899

BERNARD A. VAN OGTROP
GEORGE H. SEITZ, III
JAMES S. GREEN
R. KARL HILL
PATRICIA P. MCGONIGLE
KEVIN A. GUERKE
JARED T. GREEN

(302) 888-0600
Fax: (302) 888-0606

Writer's Direct Dial: (302) 888-7605
Writer's E-Mail Address: pmcgonigle@svglaw.com

April 6, 2012

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Leonard P. Stark
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

> **Re:** *St. Clair v. Apple Inc.* **(C.A. No. 09-804-LPS)**

Dear Judge Stark:

On May 9, 2011, the Court stayed this action pending decision on the defendants' motions for summary judgment to be filed in the related cases (C.A. Nos. 04-1436, 06-404 and 08-371), and requested the parties submit a joint status report every thirty (30) days. (D.I. 48) On June 3, 2011, Defendants Kyocera Wireless Corp., Palm, Inc., Nokia, Hewlett Packard, Research In Motion, Ltd, and HTC Corp. filed motions for summary judgment.  On March 26, 2012, the Court issued its Memorandum Opinion and Order denying St. Clair's motion to supplement expert reports and granting Defendants' motions for summary judgment.

It is Apple's position that St. Clair cannot prove infringement against Apple for the reasons discussed in the Court's Memorandum Opinion, and thus this case should be dismissed. It is St. Clair's position that it would be premature, unfair, and legally unsupported to dismiss the Apple case *sua sponte* based solely on the Court's Memorandum Opinion since, among other things, there has been no discovery in the Apple case because of the stay and St. Clair is entitled to conduct discovery on the technical issues raised in the Opinion, to formulate expert opinions, and to determine whether the Court's Memorandum Opinion has applicability to the Apple case. Further, substantial portions of the Court's Memorandum Opinion are clearly inapplicable to the facts in the Apple case.  Thus, at a bare minimum, St. Clair should be permitted technical discovery, the ability to formulate and state expert opinions, and the opportunity to fully respond through briefing and expert testimony to a formal motion to dismiss by Apple before any ruling by the Court.

The Honorable Leonard P. Stark
April 6, 2012
Page -2-


Counsel is available at the Court's convenience.

Respectfully submitted,

*/s/ Patricia P. McGonigle*

PATRICIA P. MCGONIGLE (DE3126)


cc:     Clerk of Court (via *e-filing*)
        Counsel of Record (via *e-filing*)